IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00858–PAB–KMT

SUSAN GENTRY, and
LISA LUCERO, on behalf of themselves and others similarly situated,

      Plaintiffs,

v.

NATIONAL MULTI LIST SERVICE INC.,
JAMES JONES, and
JIM BRAND,

      Defendants.

## ORDER

      This matter is before the court on Plaintiffs' "Renewed Motion to Lift Stay and Enforce Settlement Agreement." (Doc. No. 32, filed June 11, 2014.) Plaintiffs' original Motion to Enforce Settlement Agreement (Doc. No. 28) was denied without prejudice for failure to comply with D.C.COLO.LCivR 7.1(a)'s duty to confer. The court found that the mere fact that Defendants have not yet entered an appearance in this case does not obviate Plaintiffs' duty to comply with Local Rule 7.1(a).

      The court finds that Plaintiffs have again failed to discharge their duty to confer. The language of Local Rule 7.1(a) suggests that parties confer by "hold[ing] a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and [by] compar[ing] views and attempt[ing] to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D.

Colo. 2003).  If both parties have not discussed and compared views in an attempt to reach an agreement, the movant must at least make reasonable, good-faith efforts to do so.  Because Local Rule 7.1(a) requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter, or voicemail.  *Id.*

Plaintiff state that they "attempted to confer with the Defendants via email" and "received no response." (Mot. at 1.)  This does not constitute a good-faith effort to confer under Local Rule 7.1(a).  Notably, the Motion does not describe the "specific efforts to full this duty."  D.C.COLO.LCivR 7.1(a).  It does not specify how many emails were sent, the contents of the email(s), or how long Plaintiff waited for a response before renewing their Motion.  The court finds that adequate conferral is particularly important here because Defendants apparently willing entered into the Settlement Agreement, but nevertheless inexplicably failed make the very first payment required of them.

Therefore, it is ORDERED that "Renewed Motion to Lift Stay and Enforce Settlement Agreement" (Doc. No. 32) is DENIED without prejudice.  Plaintiff may renew its Motion to Enforce Settlement Agreement, after full compliance with Local Rule 7.1(a), no later than June 23, 2014.

Dated this 12th day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge