IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00858–PAB–KMT

SUSAN GENTRY, and
LISA LUCERO, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

NATIONAL MULTI LIST SERVICE INC.,
JAMES JONES, and
JIM BRAND,

    Defendants.

---

# ORDER

---

This matter is before the court on Plaintiffs' "Renewed Motion to Vacated Order and Enforce Settlement Agreement." (Doc. No. 38, filed July 8, 2014.)

In their Complaint, filed March 24, 2014 (Doc. No. 1), Plaintiffs assert claims for (1) unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*; (2) tax fraud under 26 U.S.C. § 7434; (3) willful withholding under the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq.*; and (4) breach of contract or quasi contract. Defendants were served with Plaintiff's Complaint on April 8, 2014. (Doc. Nos. 15-17.) Based on the fact that Defendants had approached them about a potential settlement, Plaintiff sought and received an extension of time for Defendants to respond through May 2, 2014. (Doc. No. 19, 21.)

On May 21, 2014, Plaintiffs filed a Motion for Stay Pending Completion of Settlement stating that the parties had reached a settlement and that the final payment would be made by Defendants to Plaintiffs on or before August 1, 2014. (Doc. No. 22.) The court granted this motion and directed the parties to file Dismissal Papers pursuant to Fed. R. Civ. P. 41, or alternatively a Joint Status Report, no later than August, 15, 2014. (Doc. No. 24.)

Plaintiffs' present Motion seeks to enforce the Settlement Agreement and Mutual Release ("Settlement Agreement") reached between Plaintiffs and Defendants on May 8, 2014. (*See* Mot., Ex. 4.) The Settlement Agreement provides that Defendants were to make 12 payments to Plaintiffs totaling $8,000, after which Plaintiffs would dismiss their claims in this action without prejudice. (*See id.*) Apparently, Defendants have failed to make any payments under the Settlement Agreement. (Mot. at 2.)

Under the circumstances presented, the court declines to enforce the Settlement Agreement. Defendants have failed to appear in this action and, therefore, are in default. Further, Defendants have failed to the make <u>any</u> payments under the Settlement Agreement. The court has no interest in enforcing a contractual agreement in the absence of both contracting parties—particularly where Defendants have made no attempt to comply with their obligations under that contract.

Importantly, the Settlement Agreement provides that Plaintiffs shall be entitled to pursue their original claims in the event of a breach. (Mot., Ex. 4 ¶ 16.) As such, the court finds the

3

appropriate course of action under the circumstances is for Plaintiffs to seek an entry of default and then default judgment against Defendants.

Therefore, it is

ORDERED that Plaintiffs' "Renewed Motion to Vacated Order and Enforce Settlement Agreement" (Doc. No. 38) is DENIED without prejudice to Plaintiffs filing a Motion for Default and a motion for default judgment no later than October 1, 2014.

Dated this 2nd day of September, 2014.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge