IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00858-PAB-KMT

SUSAN GENTRY and
LISA LUCERO, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

NATIONAL MULTI LIST SERVICE INC.,
JAMES JONES, and
JIM BRAND,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Motion for Summary Judgment for Breach of Settlement Agreement Claim or, in the Alternative, Default Judgment [Docket No. 50] filed by plaintiffs Susan Gentry and Lisa Lucero. Plaintiffs bring this putative collective action on behalf of all current and former hourly employees of defendants who worked in the offices of defendant National Multi List Service Inc. in 2013 and 2014. *See* Docket No. 41 at 4, ¶ 19.

Plaintiffs filed this suit on March 24, 2014. *See* Docket No. 1. Plaintiffs brought claims for failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., willful filing of fraudulent tax returns in violation of 26 U.S.C. § 7434, willful withholding of wages in violation of Colo. Rev. Stat. §§ 8-4-101 et seq., and breach of contract. *See id.* The United States Marshals Service effected service on defendants on April 4, 2014. *See* Docket Nos. 15-17.

According to the instant motion, instead of participating in this litigation, defendants "immediately began settlement negotiations." Docket No. 50 at 1. On May 21, 2014, plaintiffs moved to stay this action pending completion of a settlement agreement. Docket No. 22. Magistrate Judge Tafoya granted plaintiffs' motion in part and instructed the parties to file dismissal papers no later than August 15, 2014. Docket No. 24. According to plaintiffs, they entered into a settlement agreement with defendants on May 9, 2014 that required defendants to pay plaintiffs a total of $8,000. Docket No. 50 at 2, ¶¶ 1-2. The settlement agreement provides that, in the event of a breach by any defendant, plaintiffs shall be entitled to pursue their original claims and to enforce the settlement agreement. Docket No. 50-1 at 4. Plaintiffs represent that the due dates for the payments have passed and no defendants have made any of the payments required by the settlement agreement. Docket No. 50 at 2, ¶ 3.

On June 4, 2014 and June 11, 2014, plaintiffs filed motions to lift the stay and enforce the settlement agreement. *See* Docket Nos. 26, 32. The magistrate judge denied each motion without prejudice for failure to comply with D.C.COLO.LCivR 7.1. *See* Docket Nos. 30, 36. On July 8, 2014, plaintiffs filed a third motion to enforce the settlement agreement. *See* Docket No. 38. The magistrate judge again denied plaintiffs' motion and noted that the appropriate course of action under the circumstances would be for plaintiffs to seek an entry of default and then default judgment against defendants. Docket No. 40 at 2-3. The magistrate judge's denial was without prejudice to plaintiffs' filing a motion for default and a motion for default judgment no later than October 1, 2014. *Id.* at 3.

On September 9, 2014, plaintiffs filed an amended complaint (the "amended

2

complaint"). *See* Docket No. 41.  Plaintiffs did not seek leave to file the amended complaint, which repeats the claims plaintiffs asserted against defendants in their original complaint and adds a claim for breach of contract due to defendants' alleged breach of the settlement agreement. *See id.* at 8-9, ¶¶ 52-57.  On October 1, 2014, plaintiffs moved to vacate the magistrate judge's October 1, 2014 deadline for seeking entry of default on the grounds that plaintiffs were still seeking to serve the amended complaint on defendants.  *See* Docket No. 47.  The magistrate judge granted plaintiffs' motion and vacated the deadline.  *See* Docket No. 49.  The amended complaint was served on defendants Jones and National Multi List Service, Inc. on September 30, 2014, *see* Docket No. 50-5 at 1, 50-7 at 1, and on defendant Brand on October 3, 2014. Docket No. 50-6 at 1.  To date, no defendant has answered the amended complaint or otherwise appeared to defend this action.  Plaintiffs now move for summary judgment or, in the alternative, default judgment against defendants on plaintiffs' breach of contract claim.

Plaintiffs' motion is problematic on several levels.  First, plaintiffs filed their amended complaint without having sought leave to do so.  Federal Rule of Civil Procedure 15(a) contemplates two circumstances where a party can amend its pleading as a matter of course: within 21 days after serving the pleading (Fed. R. Civ. P. 15(a)(1)(A)) or, if the pleading is one to which a responsive pleading is required, "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).  In all other cases, a complaint may only be amended with the opposing party's written consent or with leave from the Court.  Fed. R. Civ. P. 15(a)(2).

Second, even if the Court were to excuse plaintiffs' failure to seek leave to amend, plaintiffs' motion for summary judgment would nonetheless be procedurally improper. A party's recourse when a defendant fails to appear to defend an action is the default judgment process provided for in Fed. R. Civ. P. 55, not a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *Cf. Ryeco, Inc. v. Garden State Produce Co.*, 2009 WL 6374726, at *1 (D.N.J. Aug. 12, 2009), *disapproved in later proceedings on other grounds by* 2010 WL 1660318 (D.N.J. Apr. 22, 2010) (denying summary judgment sought against a party that had not appeared where the moving party had not sought entry of default).

Third, plaintiffs' alternative request for default judgment is procedurally improper because plaintiffs have not moved for entry of default. In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a), which provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after default has been entered by the Clerk of the Court, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)) (unpublished); *see also Cincinnati Ins. Co. v. Prof'l Data Servs., Inc.*, 2002 WL 923930, at *1 (D. Kan. Apr. 18, 2002) (while entry of default "is merely a procedural step in the process toward obtaining a default judgment, in this case it has not yet

occurred. Instead, plaintiff skipped directly to the second step of the process and moved for a default judgment. Only after both steps occur can the court enter a default judgment"). Because plaintiffs have not obtained entry of default, the Court cannot enter default judgment.

The Court will strike the improperly-filed amended complaint. Plaintiffs may file a motion to amend the complaint that complies with the procedural requirements of Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiffs shall explain how, if defendants have not responded to the original complaint or the improperly-filed, but served, amended complaint, the addition of the breach of contract claim will affect plaintiffs' recovery on default judgment.

Accordingly, it is

**ORDERED** that plaintiffs Susan Gentry and Lisa Lucero's Motion for Summary Judgment for Breach of Settlement Agreement Claim or, in the Alternative, Default Judgment [Docket No. 50] is **DENIED**. It is further

**ORDERED** that plaintiffs Susan Gentry and Lisa Lucero's First Amended Complaint [Docket No. 41] is **STRICKEN** for failure to comply with the requirements of Fed. R. Civ. P. 15(a). It is further

**ORDERED** that, no later than **5:00 p.m.** on **September 23, 2015**, plaintiffs may seek leave from the Court to file an amended complaint.

DATED September 9, 2015.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge