IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00858-PAB-KMT

SUSAN GENTRY and
LISA LUCERO, on behalf of themselves and others similarly situated,

  Plaintiffs,

v.

NATIONAL MULTI LIST SERVICE INC.,
JAMES JONES, and
JIM BRAND,

  Defendants.
_____

**ORDER**
_____

  This matter is before the Court on the Motion to Reconsider in Part [Docket No. 55] filed by plaintiffs Susan Gentry and Lisa Lucero.  Plaintiffs request that the Court reconsider its order dated September 9, 2015, in which the Court struck plaintiffs' amended complaint for failure to comply with Fed. R. Civ. P. 15(a).  Docket No. 52. The relevant factual and procedural background is described in the September 9, 2015 order, *see id.* at 2-3, and will not be recited here.

  The Court struck plaintiffs' amended complaint on the ground that plaintiffs were not entitled to amendment as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) and did not seek leave of the Court as required by Fed. R. Civ. P. 15(a)(2).  Docket No. 52 at 3.  Federal Rule of Civil Procedure 15(a) contemplates two circumstances where a party can amend its pleading as a matter of course: within 21 days after serving the pleading (Fed. R. Civ. P.15(a)(1)(A)) or, if the pleading is one to which a responsive

pleading is required, "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Court interpreted Rule 15(a)(1) as creating two periods in which a party may amend its complaint as a matter of course: within 21 days after service of the pleading, and, where a responsive pleading is required, within 21 days after service of such responsive pleading. Docket No. 52 at 3. Thus, under the Court's reading, Rule 15(a)(1) creates a gap – between 21 days of service of the pleading and the time when a responsive pleading is served – during which a party may not amend its pleading as a matter of course. Because defendants failed to appear in this action (and thus never filed a responsive pleading), the Court held that plaintiffs' amended complaint fell into this gap and was not allowed as a matter of course.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v.*

*McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiffs propose an alternate reading of Rule 15(a)(1) that they argue better reflects the intent of the Advisory Committee in drafting the current version of the rule.  Under plaintiffs' reading, Rule 15(a)(1)(A), which provides for amendment as a matter of course within 21 days after serving a pleading, applies only to pleadings for which a responsive pleading is not required.  For pleadings – like complaints – to which responsive pleadings are required, plaintiffs argue that Rule 15(a)(1)(B) allows a party to amend its complaint any time until 21 days following service of a responsive pleading.  For support, plaintiffs point to the Advisory Committee's responses to public comments during the course of drafting the current version of Rule 15(a).  Before its amendment in 2009, Rule 15(a)(1) allowed parties to amend their pleadings once as a matter of course "(A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. 15(a) (2007) (amended 2009).  In a public comment on the proposed 2009 amendment to Rule 15(a), the Jordan Center for Criminal Justice and Penal Reform ("Jordan Center") interpreted the proposed rule in

the same manner as the Court's order and expressed concern that the "gap" between 21 days following service of a pleading and service of a responsive pleading "creates anomalies and burdensome situations" on litigants.[1]  In response, the Advisory Committee stated that the Jordan Center's comment "misinterpret[s] what is intended" by reading the proposed amendment to Rule 15(a)(1) "to create a gap that suspends and then revives the right to amend once as a matter of course."  Hon. Mark R. Kravitz, *Report of the Civil Rules Advisory Committee* 56 (May 9, 2008), *available at* http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Reports/CV06-2008.pdf (hereinafter "May Report").  In considering the Jordan Center's comment, the Advisory Committee considered whether to revise Rule 15(a)(1) to allow for amendment as a matter of course:

> "(A) <u>if the pleading is one to which a responsive pleading is not required</u>, 21 days after serving it, (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion * * *."

*Id.*  The Advisory Committee rejected this potential revision as "a matter of style" and stated that "the rule as published seems clear."  *Id.*

The Court is persuaded by plaintiffs' alternate reading and their citation to the drafting history of the current version of Rule 15(a).  Rule 15(a)(1) can plausibly be interpreted such that Rule 15(a)(1)(A) applies only to pleadings to which no response is required.  Although, as plaintiffs point out, Rule 15(a)(1) is awkwardly worded, the

---

[1] Fed. R. Civ. P. 15 cmt. 07-cv-020 Jordan Ctr. for Criminal Justice and Penal Reform, http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/CV%20Comments%202007/07-CV-020.pdf.

Advisory Committee's discussion of the Jordan Center's comment clarifies that plaintiffs' reading is consistent with the Advisory Committee's intent. As such, the Court will grant plaintiffs' motion to the extent that it asks the Court to vacate its order striking the amended complaint.

Plaintiffs represent that, if the amended complaint is reinstated, plaintiffs will comply with the procedures for seeking default judgment pursuant to Fed. R. Civ. P. 55. Docket No. 55 at 9. The Court, therefore, need not and does not reconsider its holding that plaintiffs' motion for summary judgment against defendants who have not appeared in this action was procedurally improper.

Finally, the Court notes that, in plaintiffs' amended complaint, they bring both their original claims (violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, willfully filing fraudulent tax returns, and willful withholding of wages) as well as a claim for breach of the settlement agreement through which the parties settled those underlying claims. *See generally* Docket No. 41; *see also* Docket No. 50-1 at 4, ¶ 16 (providing that, in the event of a breach of the settlement agreement by defendants, plaintiffs shall be entitled to enforce the settlement agreement and to "pursue their original claims"). In any motion for default judgment, plaintiffs shall brief the issue of whether a party may simultaneously assert a claim for breach of a settlement agreement and the claims that were released pursuant to that agreement.

Wherefore, it is

**ORDERED** that plaintiffs Susan Gentry and Lisa Lucero's Motion to Reconsider in Part [Docket No. 55] is **GRANTED** in part. It is further

**ORDERED** that the Court's order dated September 9, 2015 [Docket No. 52] is **VACATED** to the extent that it struck plaintiffs' amended complaint.  It is further

**ORDERED** that plaintiffs' amended complaint [Docket No. 41] is **REINSTATED**.

DATED November 5, 2015.

                            BY THE COURT:

                            s/Philip A. Brimmer
                            PHILIP A. BRIMMER
                            United States District Judge